Filed 12/12/14; unmodified opn. attached

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE


| | |
|---|---|
| DAVID S. KARTON, A LAW CORPORATION, <br><br>    Plaintiff, Appellant, and Respondent, <br><br>   v. <br><br> WILLIAM RUSSELL DOUGHERTY, <br><br>    Defendant, Appellant, and Respondent. | B244231 <br><br> (Los Angeles County <br> Super. Ct. No. BC206243) |


THE COURT:

It is ordered that the opinion filed herein on November 14, 2014, be modified in the following manner:

On page 10, a footnote is inserted in the last paragraph of Part I of the Discussion, following the last sentence in that paragraph: "As a matter of law, Dougherty is the party prevailing on the contract within the meaning of section 1717." The inserted footnote reads:

At oral argument, Karton sought to portray its conduct on remand after our 2009 opinion as a defensive struggle against Dougherty's alleged efforts to recover a substantial portion of the funds that Karton had collected through enforcement of the void judgment. We are not persuaded, because the record belies Karton's claim to have acted merely defensively. First, Dougherty did not file a cross-complaint and thus has not

alleged any claims for affirmative relief in this action. Second, Karton did not merely seek a declaratory judgment, or perhaps an accounting, showing that Karton owed Dougherty only the roughly $14,000 found by the superior court, rather than the larger amount allegedly claimed by Dougherty. If Karton had pursued such a claim and no others, and if the superior court had agreed with Karton's position, then Karton presumably would have been the prevailing party. But that is not what Karton did. Instead, Karton contended through the start of trial that Dougherty was liable for additional damages both on the original breach of contract claim and on several new causes of action added by amendment on remand. Karton's litigation conduct on remand therefore was not defensive—there were no claims by Dougherty to defend against, and Karton's own claims sought to impose additional liability on Dougherty, beyond the funds that Karton had already collected. The superior court rejected all of those claims, so Dougherty was the prevailing party.

This modification does not constitute a change in the judgment.

The petition for rehearing is denied.

CERTIFIED FOR PUBLICATION.

ROTHSCHILD, P. J.                JOHNSON , J.                MILLER, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

2

Filed 11/14/14; unmodified version

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DAVID S. KARTON, A LAW CORPORATION, | B244231 |
| Plaintiff, Appellant, and Respondent, | (Los Angeles County Super. Ct. No. BC206243) |
| v. | |
| WILLIAM RUSSELL DOUGHERTY, | |
| Defendant, Appellant, and Respondent. | |

APPEALS from a judgment and orders of the Superior Court of Los Angeles County. Ralph W. Dau, Judge. Reversed with directions.

The David Firm, Henry S. David, Dana J. Emmer; Greines Martin Stein & Richland, Robert A. Olson, and Edward L. Xanders for Plaintiff, Appellant, and Respondent.

Law Offices of James T. Duff, James T. Duff; Musick, Peeler & Garrett, and Cheryl A. Orr for Defendant, Appellant, and Respondent.

_____

David S. Karton, A Law Corporation (Karton) sued its former client, William Russell Dougherty, for unpaid fees and costs. In 1999, Karton obtained a default judgment against Dougherty in the amount of $86,676.88, including an award of attorney fees pursuant to the parties' retainer agreement. Karton thereafter pursued enforcement of the judgment and obtained awards of the attorney fees incurred in those enforcement efforts.

On appeal from the denial of Dougherty's motion to vacate a 2007 attorney fees award, we directed the superior court to vacate that award and held that the 1999 default judgment was void on the face of the record because it granted relief that exceeded what was demanded in Karton's complaint. (*David S. Karton, A Law Corp. v. Dougherty* (2009) 171 Cal.App.4th 133, 136 (*Karton*).) We directed the superior court to vacate the judgment nunc pro tunc, and we remanded for further proceedings.

On remand, after vacating the default judgment as directed, the court granted Dougherty's motion to vacate the default. The matter proceeded to arbitration pursuant to Business and Professions Code section 6201, and the arbitrators determined that Dougherty had already repaid his entire contractual debt to Karton, including interest, before the arbitration took place. Karton sought and obtained trial de novo, and the superior court reached the same conclusion as the arbitrators: The debt was paid in full, including interest, no later than March 2008. The court accordingly entered judgment awarding Karton no relief on any of its claims.

On the parties' cross-motions to be determined the prevailing party, however, the court ruled that Karton was the prevailing party for purposes of both costs and contractual attorney fees. The court awarded Karton more than $1 million in attorney fees on that basis.

Dougherty timely appealed, and we reverse. As a matter of law, Dougherty is the prevailing party for purposes of both costs and contractual attorney fees.

2

The history of this long-running dispute is set forth in detail in our opinion in *Karton*. In very brief summary: In 1996, Dougherty retained Karton to represent him in a marital dissolution action. The retainer agreement contained the following attorney fees provision: "In the event legal services are commenced in connection with the enforcement of this agreement or the collection of the fees and/or the costs, whether in the form of a demand, a court action, or an arbitration proceeding, the prevailing party (to the extent permitted by law) shall be entitled to legal fees for services, as well as court and/or arbitration costs." (*Karton*, *supra*, 171 Cal.App.4th at p. 136.)

In 1999, Karton filed suit against Dougherty, seeking to recover $65,246.63 in unpaid fees and costs, plus interest. On August 11, 1999, the trial court entered a default judgment against Dougherty for a total of $86,676.88, including accrued prejudgment interest, attorney fees, and costs. (*Karton*, *supra*, 171 Cal.App.4th at pp. 138-139.)

By October 4, 1999, Karton had collected approximately $56,000 in partial satisfaction of the judgment. (*Karton*, *supra*, 171 Cal.App.4th at p. 139.) Thereafter, Karton pursued further collection efforts against Dougherty in California, Pennsylvania, and Tennessee, and Dougherty resisted those efforts. In addition, Karton twice returned to the superior court to request awards of the attorney fees incurred in enforcing the judgment. Both times, Karton failed to give Dougherty notice that it was seeking such relief, and both times the requests were granted in their entirety. The second such award, entered in February 2007, increased the principal amount of the judgment to more than $1.1 million. (*Id.* at pp. 135-136, 141-144.) After learning of the order granting the February 2007 fee award, Dougherty filed a motion for relief from that order and then, after the motion was denied, appealed from the denial of his motion.

In a published opinion filed on February 17, 2009, we reversed. We concluded that the trial court had abused its discretion by denying Dougherty's motion for relief from the order granting the February 2007 fee award, because Dougherty was entitled to notice of Karton's application for that award. (*Karton*, *supra*, 171 Cal.App.4th at p. 149;

3

see generally *id.* at pp. 145-149.)  We further concluded that the original default judgment was void on the face of the record because it awarded relief that exceeded the demand in Karton's then-operative first amended complaint.[1]  (*Id.* at pp. 149-151.)  We accordingly directed the trial court "to enter an order vacating and setting aside, nunc pro tunc, the default judgment entered on August 11, 1999." (*Id.* at p. 152.)  We also noted that Dougherty had argued that "the default itself, and not merely the default judgment, is void because [Dougherty] timely requested arbitration before the default was entered." (*Id.* at p. 151, fn. 17.)  We expressed no opinion on that issue, because "it involves factual issues that the trial court has never determined and that we cannot resolve as a matter of law on this appeal." (*Ibid.*)

On remand, Dougherty moved to vacate the default.  On August 3, 2009, the trial court granted the motion on the ground that Dougherty had timely requested arbitration.  The matter proceeded to arbitration under Business and Professions Code section 6201 before the Los Angeles County Bar Association.

The arbitration panel mailed notice of its award on June 8, 2010.  The panel determined that, as of the time of the arbitration, Dougherty had already paid Karton "an amount far in excess of the amounts owed for legal services plus interest on the amounts billed."  The panel declined, however, to award a refund to Dougherty. The panel stated that Dougherty had paid the arbitration fee of $5,000, which should "be allocated equally to both parties," so the arbitration award directed Karton to pay

---

[1]    "The record shows how this error occurred.  In the declaration to which Karton's billing records and calculations were attached, Karton stated:  'The total of principal plus interest through May 21, 1999, is $81,796.41 [i.e., principal of $79,349.90 plus interest of $2,446.51, as shown by his own evidence and calculations].  The daily interest is $22.04. Inasmuch as I have used the principal sum of $65,246.63 (i.e. without interest) for purposes of default, the difference between $81,796.41 and $65,246.63 is $16,549.78; that is the amount of interest that is requested.'  Thus, knowing that he had pleaded only $65,246.63 in unpaid fees and costs in the complaint, but apparently believing that the correct figure was over $79,000, Karton asked the court to give him the difference and call it 'interest.'" (*Karton*, *supra*, 171 Cal.App.4th at p. 150.)

Dougherty $2,500. The arbitration award did not provide for any other relief to either party.

Dougherty petitioned to confirm the arbitration award, and Karton petitioned to vacate it and requested trial de novo. The trial court denied Dougherty's petition and granted Karton's, so the parties proceeded to litigate the matter. Karton's now-operative fourth amended complaint alleges claims for breach of contract, indebtedness assumpsit, account stated, open book account, quantum meruit, tort of another, and declaratory relief. In his answer, Dougherty alleged, among other things, that he had already fully repaid his debt to Karton. Dougherty did not file a cross-complaint.

Karton's claims were tried to the court on February 1-8, 2012. In its statement of decision, the court found, based on the calculations of Karton's accounting expert, that "by March 10, 2008, [Karton], as a result of payments by [Dougherty] and garnishments, had collected funds sufficient to cover all principal and interest payments due on [Karton's] invoices under the [retainer agreement]." The court therefore concluded that "Dougherty's debt to [Karton] for the fees billed under the [retainer agreement] and interest on overdue amounts has been extinguished." Thus, Dougherty's contractual debt to Karton was repaid in full, including interest, nearly one year before we filed our opinion in *Karton* in February 2009. Karton does not challenge that factual finding.

The court also found that Karton's evidence showed that as of July 3, 2008, Karton "had collected $14,383.30 in excess of the amounts owed by [Dougherty] under [the retainer] agreement." The court further observed, however, that because Dougherty did not file a cross-complaint, he "is not entitled to a money judgment for any overpayment of amounts owed to [Karton]" but rather "is entitled to a credit" in the amount of the excess funds collected, which Dougherty "may apply to any other obligation he owes to [Karton]."

Although the court concluded that Dougherty's contractual debt to Karton was fully repaid (with interest) nearly four years before trial and that Karton was therefore not entitled to damages or any other remedy on the breach of contract claim, the court's

5

statement of decision states that Karton "has established its breach of contract claim." (Underlining omitted.) The court appears to have reasoned that because "[Karton] had to sue [Dougherty] to recover fees owed," Karton should be able to recover attorney fees incurred in this litigation, pursuant to the attorney fees provision of the retainer agreement. The court's statement of decision expressly contemplates an award of attorney fees to Karton on that basis.

The statement of decision analyzes and rejects Karton's remaining claims for damages. On the declaratory relief cause of action, the court awarded relief to the effect that Dougherty is entitled to a credit for the $14,383.30 that Karton collected in excess of the amount Dougherty owed.

The court entered judgment on August 3, 2012. The judgment states that "[b]efore trial, as a result of payments by defendant and garnishments, plaintiff mitigated its damages for defendant's breach but collected $14,383.30 in excess of the amount owed by defendant for services rendered under the Agreement. Plaintiff incurred legal fees and expenses for services commenced by it to enforce the Agreement, and plaintiff may seek by way of post-trial motion to have such fees, as the court may find to have been reasonably and necessarily incurred by it, included in this judgment." The judgment also awards costs, "which may be found to include attorney fees," to Karton, in an amount to be determined later. Finally, the judgment states that Dougherty is not entitled to a money judgment but "is entitled to a credit" for the excess funds collected by Karton, which Dougherty may apply to any other debt he owes Karton.

Dougherty timely appealed from the judgment, and Karton timely cross-appealed.

Karton filed a memorandum of costs seeking $9,049.86 plus attorney fees in an amount to be determined later, and Dougherty filed a motion to tax costs. The parties then filed cross-motions to be determined the prevailing party and for awards of attorney fees. Dougherty's motion sought an attorney fees award of $572,478.51, but his reply acknowledged certain errors identified in Karton's opposition and reduced Dougherty's request to $543,128.50. Karton sought an attorney fees award of $1,661,556.47.

6

The court denied Dougherty's motion and granted Karton's, awarding $1,161,565 in attorney fees and $6,266.56 in other costs. The court awarded all fees Karton sought except for certain fees allegedly incurred in proceedings in Tennessee, which the court denied "without prejudice to plaintiff's right to apply for them in Tennessee."

Dougherty timely appealed from the orders awarding Karton attorney fees and costs.[2]

DISCUSSION

Dougherty argues on numerous grounds that he, rather than Karton, is the prevailing party and should have been awarded attorney fees and costs. We agree. Because it is well established that the prevailing party for purposes of a contractual attorney fees award under Civil Code section 1717 (section 1717) is not necessarily the prevailing party for purposes of a costs award under Code of Civil Procedure section 1032 (section 1032), we analyze the attorney fees and costs issues separately. (See *Zintel Holdings, LLC v. McLean* (2012) 209 Cal.App.4th 431, 438.)

I.      Attorney Fees

On the attorney fees issue, the controlling statute is section 1717, and the controlling case is *Hsu v. Abbara* (1995) 9 Cal.4th 863 (*Hsu*). "When a contract contains a provision granting either party the right to recover attorney fees in the event of litigation on the contract, [section 1717] gives the 'party prevailing on the contract' a right to recover attorney fees." (*Hsu, supra*, 9 Cal.4th at p. 865, quoting § 1717.) Subject to certain exceptions identified in the statute, "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." (§ 1717, subd. (b)(1).) In addition, "[w]here the defendant alleges in his or her answer that he or she tendered to the plaintiff the full amount to which he or she was entitled, and thereupon deposits in court for the plaintiff, the amount so tendered, and the allegation is

---

[2]      On appeal, Dougherty moves for judicial notice of certain documents. Because the documents in question are not relevant to our analysis of the issues presented, we deny the request.

7

found to be true, then the defendant is deemed to be a party prevailing on the contract within the meaning of [section 1717]." (*Ibid.*)

Dougherty is the party prevailing on the contract within the meaning of section 1717. Karton is the plaintiff and recovered no "relief in the action on the contract." (§ 1717, subd. (b)(1).) He therefore cannot have recovered greater relief than Dougherty in the action on the contract. Dougherty did not file a cross-complaint, so his failure to obtain a money judgment or other affirmative relief from the court does not weigh against his claim to be the party prevailing on the contract.

In addition, subdivision (b)(2) of section 1717 compels the conclusion that Dougherty is the prevailing party. Under subdivision (b)(2) of section 1717, if a defendant (1) alleges tender of the full amount of the contractual debt, (2) deposits the tendered amount with the court, and (3) proves the allegation to be true (i.e., proves that the amount tendered and deposited was the full contractual debt), then the defendant is the prevailing party as a matter of law. Dougherty's claim to be the prevailing party is even stronger. He alleged not merely that he had *tendered* the full amount of the contractual debt but that Karton had *actually collected* the entire debt (including interest), leaving nothing for Dougherty to deposit with the court. The court (and the arbitrators before it) found that allegation to be true, and on appeal Karton does not challenge that finding. Accordingly, although subdivision (b)(2) of section 1717 does not precisely fit the facts of this case (which involve actual collection of the contractual debt rather than tender and deposit), the logic of the statute requires that Dougherty be deemed the prevailing party.

The Supreme Court's analysis in *Hsu* likewise dictates that Dougherty is the prevailing party. The Court held that when the trial court "renders a simple, unqualified decision in favor of the defendant on the only contract claim in the action[,] . . . the defendant, who is unquestionably the sole victor, is the party prevailing on the contract as a matter of law and therefore entitled to reasonable attorney fees under section 1717." (*Hsu*, *supra*, 9 Cal.4th at pp. 865-866.)

8

The *Hsu* holding applies straightforwardly here. The trial court rendered a simple, unqualified decision in favor of Dougherty on the only contract claim in the action—the court expressly determined that Dougherty owed Karton nothing on the contract because Dougherty had fully paid his contractual debt to Karton (with interest) nearly four years before trial. Dougherty is therefore the sole victor, is the prevailing party on the contract as a matter of law, and is entitled to reasonable attorney fees under section 1717.

Karton's arguments to the contrary are not persuasive. First, Karton argues that it is the prevailing party on the basis of the following sentence from *Hsu*: "[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." (*Hsu*, *supra*, 9 Cal.4th at p. 876.) Karton focuses on the phrase "litigation objectives" and argues that it succeeded in its litigation objectives because it obtained full repayment of Dougherty's contractual debt.

We disagree. The quoted sentence requires the trial court to compare *the relief awarded on the contract claim or claims* with the parties' demands on those claims and their litigation objectives. The trial court awarded Karton *no relief* on its contract claim, so it cannot be the prevailing party on the contract.

Second, Karton argues that *Granite Rock Co. v. Freeman* (1928) 93 Cal.App. 507 (*Granite Rock*) was "decided under a comparable statutory scheme" and "is on point." Again, we disagree. The statutory scheme in *Granite Rock* is not comparable, and the analysis in *Granite Rock* directly conflicts with the express terms of section 1717.

*Granite Rock* was decided under a statute providing for attorney fee awards in actions to enforce surety bonds on public works contracts. (*Granite Rock*, *supra*, 93 Cal.App. at pp. 507-508.)[3] In *Granite Rock*, after the plaintiff filed suit but before the defendant answered, the defendant paid the plaintiff all of the principal, interest, and costs due but did not pay for the plaintiff's attorney fees. (*Id.* at p. 508.) The defendant

---

[3]     The current version of the statute is Civil Code section 9564.

then alleged those facts in the answer. (*Ibid.*) Following a bench trial at which the defendant's allegation apparently was found true, the trial court nonetheless determined that the plaintiff was the prevailing party and was therefore entitled to attorney fees. (*Ibid.*) The Court of Appeal affirmed, reasoning that because "the plaintiff recovered every element it sued for" and "had to fight for each element," the plaintiff "was 'the prevailing party' within the meaning of those words as used in the statute to the same extent and degree that it would have been if the principal sum had not been paid before answer filed but had been withheld and had been included as a part of the judgment itself." (*Ibid.*)

Section 1717 (which Karton concedes is the controlling statute with respect to attorney fees in this case) provides to the contrary. As we have already noted, if a defendant alleges in the answer that the defendant has tendered to the plaintiff the full amount due under the contract and deposits the amount tendered with the court, and the allegation is found true, then the defendant is the party prevailing on the contract under section 1717. Thus, under section 1717, it does make a difference whether the contractual debt was "paid before answer filed," on the one hand, or "withheld" and "included as a part of the judgment," on the other. (*Granite Rock*, *supra*, 93 Cal.App. at p. 508.) *Granite Rock* is therefore inapplicable.

For all of the foregoing reasons, we must reverse the trial court's determination that Karton is the prevailing party for purposes of an award of attorney fees. As a matter of law, Dougherty is the party prevailing on the contract within the meaning of section 1717.

II.    Costs

On the costs issue, the controlling statute is section 1032. Subdivision (b) of that statute provides that "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Subdivision (a)(4) of section 1032 defines the term "prevailing party" as follows: "'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither

plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant.  When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not . . . ."

Thus, "section 1032 . . . declares that costs are available as 'a matter of right' when the prevailing party is within one of the four categories designated by statute. . . . In other situations or when a party recovers other than *monetary* relief, the prevailing party is determined by the court, and the award of costs is within the court's discretion." (*Michell v. Olick* (1996) 49 Cal.App.4th 1194, 1197-1198; see *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1333, 1338, fn. 4 (*Goodman*); *Cussler v. Crusader Entertainment, LLC* (2012) 212 Cal.App.4th 356, 371-372.)

Dougherty argues that he qualifies as the prevailing party under two of the categories specified in subdivision (a)(4) of section 1032 and that he is therefore entitled to costs as a matter of right.  In particular, he contends that he is "a defendant where neither plaintiff nor defendant obtains any relief" and "a defendant as against those plaintiffs who do not recover any relief against that defendant."  (§ 1032, subd. (a)(4).) We agree.

Karton is the plaintiff in this action, and Dougherty did not file a cross-complaint. Neither party obtained any relief—the judgment awards nothing to Karton on its claims and awards nothing to Dougherty because he asserted no claims.  This is consequently a case "where neither plaintiff nor defendant obtains any relief" (§ 1032, subd. (a)(4)), so the defendant, Dougherty, is the prevailing party as a matter of law.

Alternatively, the judgment arguably does award some relief insofar as it states that Dougherty is entitled to a credit of $14,383.30 against Karton, so this is arguably not a case "where neither plaintiff nor defendant obtains any relief."  (§ 1032, subd. (a)(4).) But the relief thus awarded is in favor of Dougherty and against Karton, so Dougherty is

11

still "a defendant as against those plaintiffs who do not recover any relief against that defendant." (*Ibid.*) Dougherty therefore is still the prevailing party as a matter of law.

Karton argues, however, that because it succeeded in collecting Dougherty's full contractual debt, it obtained "a net monetary recovery" and is therefore the prevailing party as a matter of law under subdivision (a)(4) of section 1032. As support for this argument, Karton cites *Goodman* for the proposition that "'[t]he word "recover" means "to gain by legal process" or "to obtain a final legal judgment in one's favor." [Citation.]'" (*Goodman*, *supra*, 47 Cal.4th at p. 1334, quoting *Wakefield v. Bohlin* (2006) 145 Cal.App.4th 963, 992 (dis. opn. of Mihara, J.).) Karton claims that through enforcement of the void 1999 default judgment, Karton collected on Dougherty's debt "by legal process" and therefore obtained a net monetary recovery and is the prevailing party as a matter of law. For identical reasons, Karton also argues that it did obtain "relief" against Dougherty within the meaning of subdivision (a)(4) of section 1032.

We disagree. Karton provides neither authority nor argument nor public policy rationale for the proposition that funds collected by enforcing a void judgment constitute a "recovery" or "relief" within the meaning of subdivision (a)(4) of section 1032, or that they are funds obtained "by legal process" within the meaning of *Goodman*. We are aware of none. The proposition on its face conflicts with the well-established principle that "''[a] void judgment [or order] is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. . . .'''" (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1240, quoting *Bennett v. Wilson* (1898) 122 Cal. 509, 513-514.)

For all of the foregoing reasons, we must reverse the trial court's determination that Karton is the prevailing party for purposes of an award of costs. As a matter of law, Dougherty is the party prevailing within the meaning of section 1032.

12

III.    *Sears v. Baccaglio*

Karton argues that *Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136 (*Sears*) "is directly on point, confirming Karton's right to fees and costs in this case." For several reasons, we disagree.

In *Sears*, the plaintiff signed a personal guarantee of a lease on the defendant's property. After the tenant defaulted, the plaintiff paid the defendant $112,000 on the guarantee, "under protest." (*Sears*, *supra*, 60 Cal.App.4th at p. 1140.) The plaintiff then sued the defendant to recover the $112,000 on various theories, including that he had validly revoked the guarantee and that the defendant had suffered less than $112,000 in damages. (*Id.* at pp. 1140-1141.) The defendant cross-complained for $5,461.27. (*Id.* at p. 1141.) Following a bench trial, the court found that the guarantee was valid but that the plaintiff was entitled to recover $67,829.46; the defendant recovered nothing on his cross-complaint. (*Ibid.*) The trial court nonetheless determined that the defendant was the prevailing party under section 1717 and awarded attorney fees. (*Ibid.*) The Court of Appeal affirmed, concluding that the trial court had discretion to determine which party had "recovered a greater relief in the action on the contract" (§ 1717, subd. (b)(1)) and that the court had not abused its discretion. (*Sears*, at pp. 1154-1155, 1158-1159.)

Karton's reliance on *Sears* with respect to the attorney fees award is misplaced. Because the trial court here rendered a simple, unqualified decision in favor of Dougherty on the only contract claim in the action, Dougherty was the prevailing party as a matter of law under *Hsu*. The trial court consequently had no discretion to determine that Karton was the prevailing party, and *Sears*'s holding concerning abuse of discretion is therefore irrelevant.

In addition, the continuing validity of *Sears*'s holding under section 1717 is uncertain, for two reasons. First, *Sears* partly based its interpretation of section 1717 on several cases that were later disapproved by the Supreme Court. (See *Goodman*, *supra*, 47 Cal.4th at p. 1330 [disapproving *Pirkig v. Dennis* (1989) 215 Cal.App.3d 1560,

13

*Syverson v. Heitmann* (1985) 171 Cal.App.3d 106, and *Ferraro v. Southern Cal. Gas Co.*
(1980) 102 Cal.App.3d 33]; *Sears*, *supra*, 60 Cal.App.4th at pp. 1148-1149 [relying on
*Pirkig*, *Syverson*, and *Ferraro* in interpreting § 1717].)  Second, more recent case law
strongly suggests that the prevailing party determination under section 1717 in *Sears*
would now be considered an abuse of discretion.  (See *de la Cuesta v. Benham* (2011)
193 Cal.App.4th 1287, 1294-1299 [collecting cases and holding that in an unlawful
detainer action in which the tenant voluntarily vacated the premises before trial and the
landlord recovered only 70 percent of the back rent alleged, the trial court abused its
discretion by determining that there was no prevailing party, because the landlord had
achieved the greater part of its litigation objectives, namely, "repossession and
compensation for the tenant's occupation"].)

Karton's reliance on *Sears* with respect to the costs award is likewise
misplaced, because *Sears*'s interpretation of section 1032 conflicts with the Supreme
Court's decision in *Goodman* and with Court of Appeal case law that both pre-dates
and post-dates *Sears.*  According to *Sears*, the trial court's prevailing party determination
under section 1032 is *always* discretionary—*Sears* states that the categories identified in
subdivision (a)(4) of section 1032 (such as "the party with a net monetary recovery"
and "a defendant where neither plaintiff nor defendant obtains any relief") are merely
"guidelines which may be considered within the discretion of the court" in making the
prevailing party determination.  (*Sears*, *supra*, 60 Cal.App.4th at p. 1156.)  That is not
correct.  "[S]ection 1032 . . . declares that costs are available as 'a matter of right' when
the prevailing party is within one of the four categories designated by statute."  (*Michell
v. Olick*, *supra*, 49 Cal.App.4th at p. 1197.)  Only "[i]n other situations" or "when a
party recovers other than *monetary* relief" does the prevailing party determination (and
consequent costs award) become discretionary.  (*Id.* at p. 1198; see *Goodman*, *supra*,

47 Cal.4th at pp. 1333, 1338, fn. 4; *Cussler v. Crusader Entertainment, LLC*, *supra*, 212 Cal.App.4th at pp. 371-372.)[4]

For the foregoing reasons, we conclude that *Sears* provides no basis to affirm the awards of attorney fees and costs to Karton.[5]

### DISPOSITION

The judgment is reversed insofar as it awards costs to Karton, and the orders of June 25, 2013, awarding attorney fees to Karton are reversed. The superior court is directed to enter a new and different order granting Dougherty's motion to be determined the prevailing party under both section 1032 and section 1717 and for an award of costs and attorney fees, in an amount to be determined on remand. Dougherty shall recover his costs of appeal.

<u>CERTIFIED FOR PUBLICATION</u>.

ROTHSCHILD, P. J.

We concur:

JOHNSON, J.            MILLER, J.[*]

---

[4]     *Roden v. AmerisourceBergen Corp.* (2007) 155 Cal.App.4th 1548, 1580, repeats *Sears*'s error on this point. We have found no other published cases that do so.

[5]     Karton filed a cross-appeal, but he states that it is "protective only" and that "[t]he cross-appeal only makes a difference" if we "determine that Karton did not timely seek a trial after arbitration or that Karton did not fare better under the 2012 judgment than . . . under the [arbitration award]." Because we express no opinion on either of those issues, we agree with Karton that the cross-appeal makes no difference and therefore requires no further discussion.

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.