Filed 1/19/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| UNITED GRAND CORPORATION, | B305146 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC554172) |
| v. | |
| MARCIE STOLLOF, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Judge. Affirmed.

Law Office of Bruce Adelstein and Bruce Adelstein for Plaintiff and Appellant.

Cozen O'Connor, Erik L. Jackson, Matthew Lewitz and Thomas W. Casparian for Defendant and Respondent.

———————————

In this sixth appeal arising from a simple unpaid rent case that began in 2014, appellant United Grand Corporation appeals from an order granting respondent Marci Stollof attorney fees as the prevailing party pursuant to the terms of a rent guaranty agreement between her and United Grand. We affirm the trial court's order.

## BACKGROUND

United Grand Corporation (United Grand or UGC) filed this action in August 2014, alleging that Malibu Hillbillies had breached a lease agreement by failing to make rent payments in the amount of $46,395.86 and Marcie Stollof had breached a guaranty agreement by failing to make those payments when Malibu Hillbillies did not. Both agreements include attorney fees provisions. United Grand sought prejudgment interest and attorney fees.

United Grand obtained default judgments against Stollof and Malibu Hillbillies. On April 13, 2015, judgment in the amount of $67,852.55 was entered against Stollof and Malibu Hillbillies. This amount included attorney fees and costs. As detailed in our previous opinion, "Despite the essentially uncontested nature of the case, [UGC's] attorney, Cyrus Sanai, continued to generate a large amount of attorney fees on the case." (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146 (*United Grand*).)

Stollof lived in Maryland and was represented by counsel there. United Grand elected to pursue Stollof in Maryland for payment of the judgment. On May 22, 2015, United Grand initiated enforcement proceedings in the Circuit Court for

2

Baltimore County, Maryland.  On May 29, 2015, the Maryland court entered judgment in the amount of $67,852.55.

As we explained in our prior opinion: "In July 2015, Stollof tried to settle the case by offering to pay the amount of the April 13, 2015 judgment.  United Grand refused the offer.  United Grand's attorney, Sanai, explained his view of the litigation in the letter refusing the offer: 'What your client did not realize was that once judgment was entered, unopposed requests for post-judgment attorney fees would be rubber-stamped, and that myself and Maryland counsel could, if we took post-judgment fees on contingency, obtain a multiplier on our [lodestar] rate.' " (*United Grand, supra*, 36 Cal.App.5th at p. 147.)

On July 31, 2015, Stollof began the process of depositing $68,418.35 in the Maryland court to satisfy the judgment, which required court approval.  Her motion was accompanied by a check in that amount.  She also filed a motion in California to set aside the default judgment against her.

With permission of the Maryland court, on September 10, 2015, Stollof deposited $68,418.35.  United Grand was free to withdraw these funds at any time if it accepted that the amount satisfied the judgment.  United Grand did not do so.

On December 24, 2015, the trial court in California set aside the default as to Stollof.  Now free of the default judgment entered against her, in April 2016 Stollof sought to end the case by either releasing $56,615.59 of the money deposited with the Maryland court to United Grand or transferring the full amount deposited in the Maryland court, plus an additional $12,000 (for a total of $80,000) to the Los Angeles County Superior Court.  United Grand refused both offers.

3

In May 2016, Stollof tried again to end the case. Her attorney tendered a check for $56,705 to United Grand; this amount represented the damages sought in the complaint plus interest through May 2016. United Grand never deposited the check.

After these attempts at settlement failed, Stollof filed a First Amended Answer to the complaint on July 19, 2016, in which she alleged the defense of tender, specifically alleging the deposit of funds in the Maryland court.

On August 1, 2016, Stollof filed a motion in Los Angeles Superior Court to deposit $56,705. The trial court granted the motion on October 18, 2016 and Stollof deposited the funds that same day. United Grand withdrew the full amount on November 23, 2016.

Seeing that United Grand had been paid the full amount of damages alleged in the complaint, the trial court issued an order to show cause why United Grand's complaint should not be stricken as to Stollof. By March 17, 2017, United Grand and its counsel Sanai had sought close to $2 million in attorney fees. That same date, as a partial terminating sanction, the trial court issued an order striking United Grand's prayer for attorney fees due to "pervasive misconduct" by United Grand, its attorney or both. The court indicated that in an effort to end the case and, as it said, "restore common sense and fairness in this clearly 'extreme situation,' " it intended to enter judgment in favor of United Grand and against Stollof in the amount already paid by Stollof to United Grand. (*United Grand*, *supra*, 36 Cal.App.5th at p. 150.) On April 11, 2017, the court entered such a judgment, expressly finding that the judgment had been satisfied on October 18, 2016 when Stollof deposited that amount with the

4

court. The trial court incorporated its March 17, 2017 ruling into the judgment and specifically found that United Grand's attorney had committed misconduct.

United Grand filed a notice of appeal, marking the fifth appeal in this matter. We affirmed the trial court's judgment. (*United Grand*, *supra*, 36 Cal.App.5th at p. 167.) Following remand, the trial court issued the order awarding attorney fees to Stollof. That order is the subject of this appeal.

## DISCUSSION

The trial court awarded Stollof "her reasonable attorneys' fees (totaling $165,870.00) and costs (totaling $42.00) incurred as Stollof is the prevailing party in this action. Stollof is awarded her reasonable attorneys' fees and costs in connection with (i) Stollof's successful dismissal of Plaintiff United Grand Corporation's ('UGC') claim for attorneys' fees in the trial and (ii) Stollof's successful dismissal of Second District Court of Appeal No. B283833."

Allocation of attorney fees can be provided for by contract, subject to the provisions and protections of Civil Code section 1717.[1] A trial court's determination that a litigant is a prevailing party under section 1717 is generally reviewed for abuse of discretion, but if the challenge to that determination is solely one of law, the de novo standard of review applies. (*Khan v. Shim* (2016) 7 Cal.App.5th 49, 55.)

---

[1]     Undesignated statutory references are to the Civil Code.

I.    *Stollof Is the Prevailing Party for Purposes of Attorney Fees.*

United Grand contends the trial court erred in awarding attorney fees and costs to Stollof because it, not Stollof, was the prevailing party under section 1717, subdivision (b)(1), as shown by entry of judgment in its favor.  United Grand argues it "obtained a 'simple, unqualified victory.'  It sued to recover $46,395.86 for the defendants' breach of contract.  It obtained a default judgment for this amount, and recovered the full amount sought."

United Grand's default judgment was set aside, and the judgment ultimately entered by the trial court was not a "simple, unqualified victory" for United Grand; it was not a victory at all.  The entry of judgment was, as the trial court expressly noted, a partial terminating sanction.  As such it was an act of leniency toward United Grand, not a determination that United Grand had obtained an unqualified victory.  As the trial court noted, complete dismissal of the action "would not . . . appear improper" given the "deliberate and egregious misconduct by Plaintiff or Plaintiff's lawyer, or both."  Further, since United Grand had withdrawn the funds deposited with the court by Stollof, the case was no longer at issue.  The trial court noted that it had inherent power to dismiss the case because "courts should hear only actual disputes and prevent harassment of defendants."  Rather than entirely dismiss the case, the court elected to strike the prayer for attorney fees and "simply enter[] a judgment for Plaintiff against Stollof in the amount already collected by Plaintiff."[2]

---

[2]    The trial court noted Stollof did not object to this lesser sanction.

6

These same facts establish Stollof as the prevailing party under subdivision (b)(2) of section 1717, which provides: "Where the defendant alleges in his or her answer that he or she tendered to the plaintiff the full amount to which he or she was entitled, and thereupon deposits in court for the plaintiff, the amount so tendered, and the allegation is found to be true, then the defendant is deemed to be a party prevailing on the contract within the meaning of this section." (§ 1717, subd. (b)(2).)

*David S. Karton, A Law Corp. v. Dougherty* (2014) 231 Cal.App.4th 600 (*Karton*) sets out the governing analysis by which "prevailing party" is determined where a party pays a default judgment, only to have that default judgment later set aside. Under the reasoning of that case, which we adopt, Stollof is the prevailing party.

Briefly, in *Karton*, after a default judgment was entered in 1999, the defendant voluntarily made partial payment of the judgment amount, and by March 2008 Karton had recovered the remainder of that amount through collection efforts. (*Karton, supra*, 231 Cal.App.4th at pp. 603–604.) In August 2009 the default judgment was vacated and, for reasons which are not clear, the matter was sent to arbitration. The arbitration panel found that defendant "had already paid" Karton an amount far in excess of the amount owed. (*Id.* at p. 605.) Karton then inexplicably moved for and obtained a trial de novo, with similar results: the trial court "concluded that [defendant's] contractual debt to Karton was fully repaid (with interest) nearly four years before trial and that Karton was therefore not entitled to damages or any other remedy on the breach of contract claim." (*Id.* at p. 606.) Nevertheless "the court's statement of decision states that Karton 'has established its breach of contract claim.' (Underscoring omitted.) The court appears to have reasoned that

7

because '[Karton] had to sue [defendant] to recover fees owed,' Karton should be able to recover attorney fees incurred in this litigation, pursuant to the attorney fee provision of the retainer agreement." (*Ibid*.)

The Court of Appeal disagreed, finding that the defendant was the prevailing party under section 1717, subdivision (b)(2). The Court of Appeal recognized that the facts of the case did not precisely fit with subdivision (b)(2), because the plaintiff had actually accepted payment of the debt, leaving nothing for the defendant to deposit. Nevertheless, the Court of Appeal concluded the logic of the statute required that defendant be deemed the prevailing party. (*Karton, supra*, 231 Cal.App.4th at p. 608.) We agree.

A case in which a defendant's default has been taken necessarily has no adversarial quality. (*Vincent v. Sonkey* (2020) 59 Cal.App.5th 160, 164.) A default judgment is, effectively, a debt which is owed. Thus, a defendant who tenders payment of a default judgment is in the same position as a defendant who makes a pre-complaint tender of payment of a contractual debt: they are doing so at a time when no complaint is pending. Thus, even if United Grand were correct that the general legal definition of tender requires a pre-complaint offer and if this definition were incorporated into section 1717, subdivision (b)(2), Stollof made such pre-complaint tender no later than September 10, 2015, when she deposited the amount of the default judgment with the Maryland court. She later alleged this deposit in her amended answer as part of her affirmative defense of tender.[3]

---

[3]     In her earlier motion to deposit the funds, incorporated by reference into her amended answer, she stated she "hereby tenders $68,418.35 which are the funds necessary to satisfy the

8

United Grand argues that section 1717, subdivision (b)(2) clearly requires tender must be made before the defendant answers. We agree, but more than that we hold that this is the only timing requirement: tender need only be made pre-answer, not pre-complaint. That is all that is specified in the statute. Because Stollof completed her first tender at the latest in September 2015 when the Maryland court accepted her deposit, tender occurred before the default judgment was vacated in December 2015, and so necessarily before she filed an answer in the case.

Because we conclude the logic of *Karton* governs the facts before us, we decline to address United Grand's analysis of *Joseph Magnin Co. v. Schmidt* (1978) 89 Cal.App.3d Supp. 7, an opinion from the appellate division of the Los Angeles County Superior Court addressing section 181.1, an analogous attorney fee provision in the Unruh Act. "Appellate division decisions [may] have persuasive value, but they are of debatable strength as precedents and are not binding on higher reviewing courts." (*Velasquez v. Superior Court* (2014) 227 Cal.App.4th 1471, 1477, fn. 7.)

Any other argument raised by United Grand which faults the timing of Stollof's ultimate deposit of the funds with the Los Angeles Superior Court is forfeited by United Grand's obstructive conduct. We find United Grand is estopped from relying on delays it caused.

---

judgment." The motion was accompanied by a check in that amount. Thereafter, United Grand had the ability to withdraw those funds in satisfaction of the judgment it had registered in Maryland. Thus this deposit was not the equivalent of a deposit made pending resolution of the case. Stollof adequately alleged tender.

II. *United Grand Has Forfeited Its Claims Concerning Attorney Fees Allegedly Attributable to Sanai Alone.*

United Grand contends the trial court should not have awarded Stollof fees for services rendered in connection with Sanai's personal appeal from the sanctions award against him and his contempt proceedings. United Grand also complains that Stollof's attorneys did not submit timesheets or explain in detail how they incurred the total amount of fees. United Grand acknowledges that these claims should have been, but were not, made in the trial court and that "ordinarily" the claims would be forfeited on appeal. United Grand contends we should nevertheless consider these claims because they are issues of law based on undisputed facts. We do not agree.

United Grand asks that we remand the matter with directions "to have Stollof's lawyers submit their time records and the trial court make a proper allocation of attorney's fees." This necessarily acknowledges that the facts are not undisputed and the record not adequate to resolve its claims.

Stollof's attorneys did not act improperly in submitting declarations and summaries of their work. "It is well established that 'California courts do not require detailed time records, and trial courts have discretion to award fees based on declarations of counsel describing the work they have done and the court's own view of the number of hours reasonably spent.'" (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 698.) United Grand should have, but did not, object to the summaries if it needed more detailed records to show what fees were recoverable. We decline United Grand's request to consider its forfeited claims or to remand the matter for further proceedings.

## DISPOSITION

The trial court's order is affirmed.  Respondent Marcie Stollof is awarded costs on appeal.

**CERTIFIED FOR PUBLICATION**


STRATTON, J.

We concur:


GRIMES, Acting P. J.


WILEY, J.

11